*Ripley & Conrad* for plaintiffs—*McCaleb* for defendants.

---

*HERMAN* vs. *SMITH & AL.*

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The party who styles himself an intervener in this case, stated that he was aggrieved by the judgment rendered between the parties to the suit, and prayed an appeal from it. In this court his right to appeal was denied, as having no interest in the case. The cause was remanded to enable him to establish his authority to have the judgment of the court below between other parties revised at his instance. He offered proof, and the judge

When a third party wishes to appeal from a judgment rendered between others he must shew that he is aggrieved by it.

Eastern Dist. of the first instance decided that he was the
March, 1829.
bona fide holder of the promissory note an-
HERMAN  nexed to his petition of appeal, and that so far
*vs.*
SMITH & AL. as his interest may be affected by the judgment
appealed from he is aggrieved, and if so by
the code of practice has a right to appeal.

The code of practice gives the right to appeal
to all parties aggrieved by a judgment between
others. A man cannot be aggrieved by a right
judgment, no matter what interest he may have
in it. If the terms used in the code were therefore
taken literally, in remanding a cause to ascertain
the right to appeal, the inferior court would be
compelled to examine whether the judgment
it had rendered was correct. It is clear that
the only enquiry when a case is remanded as
this was, is, has the party applying for an ap-
peal such an interest in the case as will cause
him to sustain injury in case the judgment
complained of should be erroneous. That in-
terest appears to be recognized here so far as
to enable La Porte to appeal from the judg-
ment rendered between Herman & Smith, and
seeing no ground for this appeal, it must be
dismissed at his costs.

*Denis* for the plaintiff—*Seghers* for inter-
vening party.